Filed 12/17/14  P. v. Pottichen CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C074080 |
| v. | (Super. Ct. No. 13F00455) |
| DAVID MICHAEL POTTICHEN, | |
| Defendant and Appellant. | |

Appointed counsel for defendant David Michael Pottichen asked this court to review the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.  However, we remand the matter to the trial court to amend the sentencing minute order and order of probation to accurately reflect the trial court's sentencing orders.

## I

On January 18, 2013, a felony complaint was filed charging defendant and a codefendant with grand theft (count 1; Pen. Code, § 487, subd. (a))[1] and receiving stolen property (count 2; § 496, subd. (a)).  Both offenses were alleged to have occurred on or about and between October 8 and November 28, 2012.

On March 25, 2013, defendant entered a no contest plea to count 1, in return for a grant of probation with 330 days in county jail, the dismissal of count 2, and the dismissal of a trailing misdemeanor case with a *Harvey*[2] waiver.  The factual basis of the plea was as follows:  On or about the dates alleged in the complaint, defendant unlawfully took jewelry and cash, the value of which exceeded $950, from the victim.

At the sentencing hearing on April 15, 2013, at which both defendant and the codefendant were sentenced, the trial court suspended the imposition of sentence and granted defendant probation for five years, including 330 days in county jail.  The court orally awarded defendant 180 days of presentence custody credits (90 actual days and 90 conduct days).[3]  The court reserved jurisdiction to determine victim restitution at a later time.

At the outset, the court stated:  "[W]e already have probation conditions prepared. I'm going to adopt most of the conditions.  [¶]  If I do not talk about a specific condition, it will be adopted without any changes.  The conditions generally look the same for both defendants."  As to fines and fees, the court stated:  "I'm going to delete the fines that I can in light of the fact that there is probably going to be a substantial restitution order.

---

[1]     Undesignated statutory references are to the Penal Code.

[2]     *People v. Harvey* (1979) 25 Cal.3d 754.

[3]     The court stated:  "You both have 90 days of credit.  By law, I don't have any discretion, both are entitled to 90 more days.  Total is 180 days credits."

2

[¶] The fines at items three, four and five on page five, both defendants, three, four and five are deleted based upon inability to pay. [¶] Otherwise all conditions are adopted." The fines and fees listed as probation conditions that the court did not orally delete include a $240 restitution fine (§ 1202.4) and a suspended probation revocation restitution fine in the same amount (§ 1202.44), a $40 court security fee (§ 1465.8), and a $30 court facility fee (Gov. Code, § 70373).[4]

The minute order and order of probation states defendant was awarded 90 days of presence custody credit "for time served," but does not mention conduct credits. It also indicates a restitution fine and a suspended restitution fine of $280 each, as well as the $40 court security fee, and the $30 court facility fee listed among the probation conditions.

Appointed counsel wrote to the trial court on September 4, 2013, requesting the correction of three alleged sentencing errors: (1) The $280 restitution fine and suspended restitution fine reflected in the sentencing minute order should be reduced to $240 each because it appeared the trial court intended to impose the minimum amount and $240 was the minimum amount in effect at the time of defendant's offenses (on or about and between October 8 and November 28, 2012) (*People v. Souza* (2012) 54 Cal.4th 90, 143 [restitution fines subject to proscriptions of ex post facto clause]); (2) The minute order's award of 90 days of presence custody credit should be amended to 180 days, as the trial court stated at sentencing; (3) Count 2 and the misdemeanor case, which were supposed to be dismissed under the plea agreement, were not actually dismissed at

---

**4** As this court has repeatedly reminded trial courts, the trial court at sentencing must recite all fines, fees, and assessments on the record, including their statutory bases. (*People v. High* (2004) 119 Cal.App.4th 1192, 1200-1201.)

sentencing, and the trial court should dismiss them. Counsel requested the preparation of a minute order reflecting these changes.

The record does not contain an amended minute order or any other response by the trial court to appointed counsel's letter.

**II**

Appointed counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra,* 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant. However, we remand the matter to the trial court to correct the minute order and order of probation to accurately reflect the trial court's oral sentencing orders.

We remand the matter to the trial court with directions to prepare an amended sentencing minute order and order of probation that (1) dismisses count 2 and the misdemeanor case; (2) imposes a restitution fine and suspended restitution fine of $240 each; and (3) awards presentence custody credit of 180 days (90 actual days and 90 conduct days) as recommended in the probation conditions the trial court orally adopted.

DISPOSITION

The judgment is affirmed. The matter is remanded to the trial court with directions to dismiss count 2 and the trailing misdemeanor case, and to prepare an amended sentencing minute order and order of probation that (1) dismisses count 2 and the misdemeanor case; (2) imposes a restitution fine and suspended restitution fine of $240 each; and (3) awards presentence custody credit of 180 days (90 actual days and 90

conduct days) and to forward a certified copy of the amended sentencing minute order and order of probation to the probation department.


                                                    _____HOCH_____, J.


We concur:


_____HULL_____, Acting P. J.


_____ROBIE_____, J.